IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00624-CMA-MEH

JOSHUA CICHOCKI,

    Plaintiff,

v.

ROUND MOUNTAIN WATER AND SANITATION DISTRICT,

    Defendant.

## ORDER ON MOTION TO AMEND

Before the Court is Plaintiff's Motion to Amend Complaint [docket #17]. The matter is briefed (Defendant takes no position on the motion), and oral argument would not materially assist the Court in adjudicating the motion. For the following reasons, the motion is **granted**.

**A.     Background**

The Scheduling Order in this case sets July 16, 2009 as the deadline for joinder of parties and amendment of pleadings; thus, Plaintiff's motion is filed in a timely manner. Plaintiff seeks to add a fourth claim for relief (promissory estoppel) and additional allegations related to the second claim for relief (breach of contract) based upon information gleaned through the course of discovery. The current operative Complaint alleges generally that Defendant breached an employment contract with Plaintiff and violated Plaintiff's due process rights by terminating his employment without cause. Docket #1 at 2-4. In the proposed Amended Complaint, Plaintiff seeks to add a claim for promissory estoppel (presumably, in the alternative to the breach of contract claim) and additional allegations regarding his breach of contract claim based upon a belief that a fully executed version of Plaintiff's employment contract may not exist. Defendant takes no position on Plaintiff's request to amend.

**B.     Analysis**

To amend an operative complaint, the movant must meet the requirements of Fed. R. Civ. P. 15(a). Once a responsive pleading to the complaint is filed, a party may amend its complaint only by leave of the court or by written consent of the adverse party. *Id.; Foman v. Davis,* 371 U.S. 178, 182 (1962). The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The Court must heed Rule 15's mandate that leave is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman,* 371 U.S. at 182; *Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see Foman,* 371 U.S. at 182.

The Court believes that the proposed amendments, as interpreted by the Court, are appropriate here. The allegations are similar to those already made in this case. Discovery has only recently begun and the Plaintiff seeks the amendments in a timely manner. Therefore, the Court finds that justice requires granting Plaintiff leave to amend his Complaint.

**III.    Conclusion**

Accordingly, for the reasons stated above, the Court **ORDERS** that the Plaintiff's Motion to Amend Complaint [filed June 25, 2009; docket #17] is **granted**. On or before July 2, 2009, the Plaintiff shall file his First Amended Complaint consistent with this order, and Defendant shall file its answer or other response to the First Amended Complaint in accordance with Fed. R. Civ. P. 15.

3

Dated at Denver, Colorado, this 29th day of June, 2009.

                           BY THE COURT:

                           s/ Michael E. Hegarty
                           Michael E. Hegarty
                           United States Magistrate Judge